UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                    Case No.  2:08-cv-827-FtM-29SPC

PATRICIA  E.  PESCITELLI;  SUNTRUST
CONSUMER LENDING SERVICES,

        Defendants.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on the United States of America's Motion to Vacate Order of Sale (Doc. #58) filed on November 16, 2010.  Suntrust Mortgage, Inc.'s Response (Doc. #59) was filed on November 30, 2010, and, with the permission of the Court, the United States filed a Reply (Doc. #62) on December 7, 2010.

Two years ago, the United States filed a Complaint (Doc. #1) seeking to reduce the tax liabilities of defendant Albert Pescitelli to judgment (Count One) and to foreclose on real property located at 212 Jackson Avenue, Lehigh Acres, Florida (Count II).  On August 21, 2009, the United States obtained a Default Judgment (Doc. #31) as to defendant Albert Pescitelli, and on October 7, 2009, the United States filed a Notice of Lis Pendens (Doc. #38) as to the property.  A Second Amended Default Judgment (Doc. #53) was entered on April 14, 2010, which allowed the United States to foreclose its tax liens and sell 212 Jackson Avenue.  The

United States filed a Motion for Order of Sale (Doc. #54) on April 26, 2010, which the Court granted on May 24, 2010 in an Order and an Order of Sale (Docs. ##56, 57).  The Order of Sale included a provision requiring any occupant of the property to permanently vacate the property within thirty days of the order.

Almost six months later, the United States filed its current motion to vacate the May 24, 2010 Order and Order of Sale which the Court had granted at its request.  The United States relies upon Fed. R. Civ. P. 60(b)(5), asserting that applying the orders prospectively is no longer equitable.[1]  The United States asserts that circumstances have changed since the suit was initiated, and the fair market value of the property has declined to such an extent that the United States will likely not recover any money from the sale.  The Declaration attached to the motion asserts that a Property Appraisal and Liquidation Specialist of the Internal Revenue Service visited the property on September 30, 2010, and determined that the house was in a depressed location, abandoned, had warning signs posted stating it was a "Dangerous Building" and was unsafe, was missing a portion of the roof as the result of hurricane damage from several years ago, and will have to be torn down to the foundation and rebuilt.

---

[1]The Court notes that relief under subsection (b)(5) is generally reserved for consent decrees or permanent injunctions, and then only in limited circumstances.  Roberts v. St. Regis Paper Co., 653 F.2d 166, 173-74 (5th Cir. Unit B 1981).

Rule 60(b)(5) allows a district court to relieve a party from a final judgment, order, or proceeding if applying the final judgment or order "is no longer equitable," Fed. R. Civ. P. 60(b)(5), but not simply "when it is no longer convenient", Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 383 (1992). It is at least unusual for a plaintiff to seek to vacate an order that plaintiff sought and prevailed upon. Cano v. Baker, 435 F.3d 1337, 1339-40 (11th Cir. 2006). After considering the record and the positions of the parties, the Court will exercise its discretion under Rule 60(b) and deny the request. It would appear that the government never looked at the property before suing to foreclose. As the Declaration states, there have been no hurricanes here for "several years," and the condition of at least the roof seems to have existed prior to the filing of the lawsuit. It would seem, at the very least, that before the government would ask the Court to evict the occupants of a residence that it at least look at the property to ensure that it really did want to foreclose its liens. The government asked to sell the property, and the Court granted its request. This Court would not be the first to suggest that the government should heed the old saying and be careful what it asks for. United States v. Jenkins, 593 F.3d 480, 482 (6th Cir. 2010). Given the reliance by Suntrust and the lack of any substantial justification by the government, the Court cannot conclude that the motion is well founded.

Accordingly, it is now

**ORDERED:**

The United States of America's Motion to Vacate Order of Sale (Doc. #58) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of December, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record